IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:09-CV-458-RJC-DSC

| | |
|---|---|
| JAMES MORRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JEREMY MAURER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court following the pro se Plaintiff's failure to respond to Defendant's "Motion to Dismiss" (document #30).

On June 11, 2010, Plaintiff's former counsel filed a "Motion to Withdraw ..." (document #31) stating that Plaintiff had refused to communicate with him for nearly three months, and that since their last communication on March 12, 2010, counsel had attempted unsuccessfully to communicate with Plaintiff by telephone, mail, and electronic mail.

On June 14, 2010, the Court granted counsel's Motion to Withdraw. See "Order" (document #32). In that same Order, which was mailed to Plaintiff at both mailing addresses his counsel provided, the Court "cautioned [Plaintiff] that Defendant has filed a Motion to Dismiss Plaintiff's Complaint. Plaintiff's deadline to respond to that Motion shall be extended.... Plaintiff is allowed up to and including July 6, 2010 to respond or otherwise plead in response to Defendant's Motion to Dismiss (document #30)." Document #32 at 1. Despite this warning and extension of time, Plaintiff has not responded to the Motion to Dismiss or taken any other action to preserve or prosecute his claims in this case.

A District Court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." <u>Doyle v. Murray</u>, 938 F.2d 33, 34 (4th Cir. 1991). Because dismissal is a severe sanction, the District Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. <u>Dove v. CODESCO</u>, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit therefore requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." <u>Hillig v. Comm'r of Internal Revenue</u>, 916 F.2d 171, 174 (4th Cir. 1990).

Accordingly, prior to recommending to the District Judge to whom this case is assigned (the Honorable Robert J. Conrad, Jr.) that this case be dismissed for failure to prosecute, the undersigned will permit Plaintiff an opportunity to show cause why this matter should not be dismissed.

**IT IS THEREFORE ORDERED THAT:**

1. On or before August 13, 2010, the Plaintiff shall **SHOW CAUSE** why the Complaint should not be **DISMISSED** for failure to prosecute this action. <u>The Plaintiff is warned that failure to make a timely response to this Order to Show Cause may result in **DISMISSAL** of this lawsuit **WITH PREJUDICE**</u>.

2. The Clerk is directed to send copies of this Order to the <u>pro se</u> parties; <u>and to the Honorable Robert J. Conrad, Jr.</u> The Clerk shall mail copies of this Order to Plaintiff at the following addresses: <u>2173 Shy Bear Way NW, Issaquah, WA 98027 and 646 Timber Creek Dr. NW, Issaquah, WA 98027</u>.

**SO ORDERED**.　　　　　　　　　Signed: July 13, 2010

David S. Cayer
United States Magistrate Judge