IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:09-CV-458-RJC-DSC

JAMES MORRISON, )
)
       Plaintiff, )
)
v. )
)
JEREMY MAURER, )
)
       Defendant. )
_____)

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court following the pro se Plaintiff's failure to respond to the Court's "Order to Show Cause" (document #33) entered July 13, 2010.

On June 11, 2010, Plaintiff's former counsel filed a "Motion to Withdraw ..." (document #31) stating that Plaintiff had refused to communicate with him for nearly three months, and that since their last communication on March 12, 2010, counsel had attempted unsuccessfully to communicate with Plaintiff by telephone, mail, and electronic mail.

On June 14, 2010, the Court granted counsel's Motion to Withdraw. See "Order" (document #32). In that same Order, which was mailed to Plaintiff at both mailing addresses his counsel provided, the Court "cautioned [Plaintiff] that Defendant has filed a Motion to Dismiss Plaintiff's Complaint. Plaintiff's deadline to respond to that Motion shall be extended.... Plaintiff is allowed up to and including July 6, 2010 to respond or otherwise plead in response to Defendant's Motion to Dismiss (document #30)." Document #32 at 1. Despite this warning and extension of time, Plaintiff did not respond to the Motion to Dismiss or take any other action to preserve or prosecute his claims in this case.

On July 13, 2010, attempting to give pro se Plaintiff every reasonable opportunity to prosecute his claims in this matter, the Court issued an "Order to Show Cause" (document #33). The Court ordered the Plaintiff "[o]n or before August 13, 2010 ...[to] **SHOW CAUSE** why the Complaint should not be **DISMISSED** for failure to prosecute this action. The Plaintiff is warned that failure to make a timely response to this Order to Show Cause may result in **DISMISSAL** of this lawsuit **WITH PREJUDICE**." Document #33 at 2 (emphasis in original).

As stated above, Plaintiff has not responded to the Court's Order in any fashion or even contacted the Court to request additional time in which to respond.

A District Court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Because dismissal is a severe sanction, the District Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit therefore requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Applying these legal principles, the Court concludes that dismissal for failure to prosecute is the appropriate remedy for Plaintiff's repeated failures to respond to the Court's Orders or Defendant's Motion to Dismiss. Plaintiff unilaterally ceased communicating with his counsel, and following counsel's withdrawal, has ignored the Court's Orders directing him to fulfill his obligations as a litigant. Given Plaintiff's decision to abandon his claims for all practical purposes,

2

there is no reason to believe that any less severe sanction would be effective.

## ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss" (document #30) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE** as a sanction for Plaintiff's failure to prosecute this action.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se parties; and to the Honorable Robert J. Conrad, Jr. The Clerk shall mail copies of this Order to Plaintiff at the following addresses: 2173 Shy Bear Way NW, Issaquah, WA 98027 and 646 Timber Creek Dr. NW, Issaquah, WA 98027.

**SO ORDERED AND RECOMMENDED.**

Signed: August 16, 2010

David S. Cayer
United States Magistrate Judge